UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KENNETH FOSTER PETTY,

       Petitioner,

                                          CASE NO. 2:06-CV-14141
v.                                    HONORABLE GEORGE CARAM STEEH

HAROLD WHITE,

       Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

**I.    Introduction**

Kenneth Foster Petty ("Petitioner"), a Michigan parolee, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his probation violation and criminal sentencing proceedings. At the time he instituted this action, Petitioner was confined at the Parnall Correctional Facility in Jackson, Michigan where Respondent is the warden. Petitioner was released on parole on December 12, 2006 during the pendency of this action. For the reasons stated, the Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

**II.    Background Facts**

Petitioner states that he was on lifetime probation for a controlled substance violation, Mich. Comp. L. § 333.7401(2)(A)(4), when he was charged with a probation violation for using cocaine. He was found guilty of the probation violation following a hearing in the Macomb

County Circuit Court and sentenced to 2-20 years imprisonment on August 17, 2005. Petitioner filed an application for delayed appeal with the Michigan Court of Appeals claiming that the sentencing court improperly exceeded the state sentencing guidelines. The Michigan Court of Appeals denied the application for lack of merit in the grounds presented. *See People v. Petty*, No. 267064 (Mich. Ct. App. April 17, 2006) (unpublished). Petitioner's application for leave to appeal with the Michigan Supreme Court was denied in a standard order. *See People v. Petty*, 476 Mich. 860, 717 N.W.2d 879 (2006).

Petitioner initially filed his habeas petition in the United States District Court for the Western District of Michigan on September 5, 2006, but the case was subsequently transferred to this District. In his pleadings, Petitioner challenges his sentence, claiming that the trial court considered improper factors/inaccurate information at sentencing and violated his rights in departing above the guideline range. Respondent has filed an answer to the petition asserting that it should be denied for lack of merit.

### III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme

Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

In this case, the Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented," but did not specifically address Petitioner's claims, and the Michigan Supreme Court denied leave to appeal without discussing the claims. Accordingly, this Court must conduct an independent review of the state court decision. *See, e.g., Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. at 943. This independent review "is not a full, de novo review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id*.

IV. **Discussion**

    A. **Sentencing Guideline Departure Claim**

Petitioner asserts that he is entitled to habeas relief because the trial court imposed a

4

sentence which exceeded the sentencing guideline range of 0 to 17 months imprisonment applicable to his minimum sentence without "substantial and compelling" reasons as required by state law. Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

Petitioner's claim that the trial court erred in departing above the guideline range is not cognizable on federal habeas review because it is basically a state law claim. *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). "In short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error in departing above the guideline range does not merit habeas relief. Moreover, as noted by Respondent, the trial court had substantial and compelling reasons to depart above the guidelines – Petitioner's repeated probationary failures and continued drug use. *See* Answer, pp. 3-4. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief is thus not warranted on this claim.

  **B.**   **Inaccurate Information Claim**

Petitioner also claims that the trial court relied upon inaccurate information and personal reasons in sentencing him in violation of his constitutional rights. A sentence may violate due process if it is carelessly or deliberately pronounced on an extensive and materially false

5

foundation which the defendant had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).

Petitioner has made no such showing. The record reveals that he had an opportunity to contest the sentencing decision at the probation violation and sentencing hearing. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing sentence. The record indicates that the trial court based Petitioner's sentence on the nature of the crime, his repeated probation violations, and his continued cocaine use. *See* 8/17/05 Hrg Tr., pp. 18, 21-23. Given such circumstances, habeas relief is not warranted in this case.

**V.     Conclusion**

The Court concludes that Petitioner has failed to establish that the state courts' denial of relief is contrary to United States Supreme Court precedent or constitutes an unreasonable application of federal law or the facts. Petitioner is not entitled to federal habeas relief on the claims contained his petition.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, for the reasons stated above, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. Petitioner has not made a

substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327, 336-37 (2003).

**SO ORDERED**.

**Dated: September 11, 2007**

                                            **S/George Caram Steeh**
                                            **GEORGE CARAM STEEH**
                                            **UNITED STATES DISTRICT JUDGE**

**CERTIFICATE OF SERVICE**

**Copies of this Order were served upon attorneys of record on September 11, 2007, by electronic and/or ordinary mail.**

**S/Josephine Chaffee**
**Deputy Clerk**